IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

           Plaintiff,                   No. 2:11-cv-2397 EFB P

        vs.

J. CLARK KELSO, et al.,

           Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  Dckt. No. 5; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for appointment of counsel, two requests for injunctive relief, and a request that defendants be served.

**I.      Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. Nos. 9, 11.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.     The Complaint (Dckt. No. 1)

Plaintiff alleges that pursuant to a court order, he was involuntarily medicated with psychotropic medications.  He claims that defendant Kelso denied his administrative appeal regarding this issue.  He also claims that defendant Rapaport, a psychiatrist, prescribed him lithium, but that he is allergic to lithium.  According to the complaint, plaintiff filed additional administrative appeals, but defendants Briones, Pereira, and/or Daly, were slow to respond or erroneously screened out the appeals.  Plaintiff purports to state claims of excessive force based on the involuntary administration of medications, deliberate indifference to medical needs based on the lithium prescription and being denied medical treatment, and denial of access to the courts, based on defendants' handling of his administrative appeals.

### A.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

2

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**B.     Screening Order**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.  Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that

cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, plaintiff is hereby informed of the standards governing claims based on excessive force, deliberate indifference to medical needs, and denial of access to the courts.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

1   cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  While malicious and sadistic uses

2   of force always violate contemporary standards of decency, not every "malevolent touch" by a

3   prison guard is actionable as an Eighth Amendment violation.  *Id.* at 9.  The following factors are

4   relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the

5   need for the use of force; (2) the relationship between the need for force and the amount used;

6   (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the

7   plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the

8   forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).  Allegations that a defendant

9   administered drugs to plaintiff pursuant to a court order do not show that a defendant acted

10  maliciously and sadistically for the purpose of causing plaintiff harm.

11          To state a claim for violation of the Eighth Amendment based on inadequate medical

12  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

13  indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

14  plaintiff must show both that his medical needs were objectively serious, and that defendant

15  possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

16  *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

17  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

18  patient would find worthy of comment or treatment, or the existence of chronic and substantial

19  pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

20  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important

21  to differentiate common law negligence claims of malpractice from claims predicated on

22  violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting

23  the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

24  cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

25  *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051,

26  1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion

1   concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

2   *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344

3   (9th Cir. 1981).

4       Allegations that a defendant "erroneously" prescribed a drug to which plaintiff was

5   allergic fail to show that the defendant acted with the requisite deliberate indifference for an

6   Eighth Amendment claim.  Additionally, without allegations regarding the nature and extent of

7   plaintiff's allergy to lithium, plaintiff fails to show that he faced a serious risk of substantial

8   harm.  And without allegations showing why he needed medical treatment, and who denied him

9   medical treatment and why, plaintiff's general allegations about being denied medical treatment,

10  also fail under these standards.

11      Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S.

12  817, 828 (1977).  Prisoners also have a right "to litigate claims challenging their sentences or the

13  conditions of their confinement to conclusion without *active interference* by prison officials."

14  *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this

15  right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

16  That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the

17  defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging

18  his criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536

19  U.S. 403, 412-15 (2002).  Plaintiff fails to plead facts sufficient to state a claim that any

20  defendant denied him access to the courts.

21      To the extent plaintiff intends to impose liability against any defendant based on his or

22  her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no

23  constitutional requirements regarding how a grievance system is operated.  *See Ramirez v.*

24  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty

25  interest in the processing of his appeals does not violate due process because prisoners lack a

26  separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may

6

1   not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate

2   appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance

3   procedure is a procedural right only, it does not confer any substantive right upon the inmates.

4   Hence, it does not give rise to a protected liberty interest requiring the procedural protections

5   envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of

6   Buckley's grievances, without more, is not actionable under section 1983." (internal quotations

7   omitted)).

8   **III.**     **Request for Appointment of Counsel**

9       Plaintiff has requested that the court appoint counsel. District courts lack authority to

10   require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States*

11   *Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

12   attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

13   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

14   (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

15   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

16   his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560

17   F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no

18   exceptional circumstances in this case.

19   **IV.**     **Requests for Injunctive Relief and for Service of Complaint on Defendants**

20       Plaintiff seeks a court order mandating that, among other things, he be given access to his

21   administrative appeals, the courts, a cell phone, and religious publications. Dckt. Nos. 13, 15.

22   He also requests that defendants be served with his complaint. Dckt. No. 14. As discussed

23   above, plaintiff's complaint is dismissed. Plaintiff's requests are therefore premature because he

24   has failed to state a claim upon which relief can be granted and there are no defendants against

25   whom this court could enter an order or direct service. If plaintiff files an amended complaint

26   that states a cognizable claim, the court will order the United States Marshal to serve the

amended complaint upon the named defendant(s).  The court cannot issue an order against individuals who are not parties to a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

**V.     Order**

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* (Dckt. Nos. 9, 11) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Sheriff of Solano County filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4.  Plaintiff's motion for appointment of counsel (Dckt. No. 4) is denied.

5.  Plaintiff's requests (Dckt. Nos. 13, 14, 15) are denied as premature.

Dated:  August 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE