FILED

MAR 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

BILLY DRIVER,

        Plaintiff - Appellant,

 v.

J. CLARK KELSO; et al.,

        Defendants - Appellees.

No. 12-17228

D.C. No. 2:11-cv-02397-EFB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:  PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

    California state prisoner Billy Driver appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force, access-

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] Driver consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

    [***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

to-courts, and deliberate indifference claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the dismissal of an action for failure to comply with an order to file an amended complaint, *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and we affirm.

The district court did not abuse its discretion by dismissing Driver's action with prejudice after Driver failed to comply with the court's order to file an amended complaint despite getting an explanation of the deficiencies in each claim and instructions on how to amend.  *See id*. at 1260-61 (setting forth factors to consider in dismissing an action for failure to comply with order to amend).

Driver's contention that the magistrate judge was biased against Driver and should have recused himself is unpersuasive.  *See* 28 U.S.C. § 455(a) (requiring disqualification only when a judge's impartiality might reasonably be questioned); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings are not a valid basis for disqualification); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (failure to move for recusal increases party's burden on appeal to demonstrate that the trial judge erred in not recusing himself).

Driver's motion to preemptively disqualify Magistrate Judge Brennan from presiding over any future cases filed by Driver is denied.

**AFFIRMED.**